## Price *v.* Mitchell.

[No. 9,926.   Filed June 25, 1919.]

1.  APPEAL.—*Record.*—*Admissions of Counsel.*—Admissions or state-
ments of counsel as to matters which do not otherwise appear in
the record will not be considered by the court on appeal.  p. 672.

2.  EVIDENCE.—*Documents.*—*Denial of Execution.*—*Statute.*—In an
action for possession of real estate and to recover damages for its
detention, where defendant relied upon a written instrument pur-
porting to give him the right of occupancy free of rent, but no
pleading was founded on such instrument, §370 Burns 1914, §364
R. S. 1881, providing that when a pleading is founded on a written
instrument, such instrument may be read in evidence without
proving its execution, does not apply.  p. 673.

From Hamilton Circuit Court; *Ernest E. Cloe,*
Judge.

Action by Mary B. Mitchell against Albert W.
Price.  From a judgment for plaintiff, the defendant
appeals.  *Affirmed.*

*William P. Henderson* and *William E. Henderson,*
for appellant.

*Denny & Miller* and *Shirts & Fertig,* for appellee.

NICHOLS, P. J.—This was an action commenced in
the Marion Superior Court, and on change of venue
tried in the Hamilton Circuit Court, for the posses-
sion of, and damages for the detention of, certain
real estate described in the complaint, and located in
Marion county, Indiana.  The appellant filed an
answer in general denial to the complaint, and the
cause, being at issue, was submitted to the court for
trial.  There was a finding for the appellee, and that
she was entitled to the immediate possession of the
real estate described in the complaint, and damages

for the detention thereof in the sum of $264. After a motion for a new trial, which was overruled, appellant prosecutes this appeal.

The only error relied upon for reversal is the action of the court in overruling appellant's motion for a new trial. The errors there assigned can only

1.  be presented to this court by a bill, or bills, of exceptions. The only reference to such an instrument is found in the following language, taken from appellant's brief: "Subsequent to the filing of said bond, appellant failed to file his transcript and bill of exceptions within sixty days after giving said bond." While the appellant makes some statements of what purports to be evidence, there is no proper showing of any kind whatever that there was any evidence in the cause. Without the evidence and proceedings at the trial the case must be affirmed. Notwithstanding this condition of the record on appeal, appellee's attorneys, four in number, with an appearance of magnanimity that is beyond our comprehension, plainly inform the court that "the evidence is in the record," and then proceed to supplement the purported evidence contained in appellant's brief with additional statements thereof. It is a general rule of law that admissions or statements of counsel, as to matters which do not otherwise appear in the record will not be considered by the Appellate Court. 4 C. J. 557. Without considering the applicability of the principle to the case at bar, we have examined the purported evidence as presented by counsel, both for appellant and appellee, and conclude that it is sufficient to sustain the finding of the court. The deciding question involved is as to the right of appellant to occupy the premises involved, and free

of rent, which he undertook to establish by the following instrument:

### "Exhibit No. 3.

"I agree with Mattie Price if she and her husband will build two rooms for me so I will be to myself, when the two rooms are completed they can have the front part of the house without rent as long as I live if they will help me to build two rooms I will put in one hundred forty dollars and Mattie Price and her husband to furnish the balance of the money.

"Witness                    Mary B. Mitchell
                             Mattie Price
                             A. W. Price
                             Lucy Porter
                             Wm. Cook."

The appellee strenuously insists that she did not sign this instrument, and that it is a forgery, and so testified, as she had a right to do. No pleading was founded upon it, and therefore §370 Burns 1914, §364 R. S. 1881, does not apply. It does not appear by the record that such instrument was ever introduced in evidence. The trial court may have refused to consider it upon either of these grounds, and this court would not be justified in disturbing such trial court's conclusion. The finding of the court is sustained by sufficient evidence. There are no reasons discussed as to why the decision of the court is contrary to law, nor is the question of excessive damages presented.

The judgment is affirmed.